SAMUEL H. GIBBENS & another *vs.* THOMAS CURTIS & others.

A testator devised a house to his only daughter, and directed that it should not be sold during her minority, but the income should be appropriated to her support, and that '' the property so bequeathed, namely, said house, together with the residue hereinafter specified, should be received by '' a guardian named in the will, '' in trust for the uses of'' the daughter until her majority or marriage; and '' gave and bequeathed '' to her '' all the rest and residue of his property, of every description;'' and directed that the income of the '' property bequeathed '' to her should be applied to her support until her marriage or majority, '' on the occurrence of either of which events, she shall have the full control of her property,'' and in case of her death before either of those events, '' the property bequeathed to her in the foregoing presents shall be divided '' into certain pecuniary legacies, and the residue between several charitable societies. *Held,* that the daughter took an estate in fee, by the will, subject to the trust; and that, at her death under age and unmarried, the estate should be sold by the executors for the payment of the pecuniary legacies.

PETITION by the executors of the last will of William E. Priest, for leave to sell, for the payment of legacies, a dwelling-house in Boston, devised by him to his only daughter, who had since died, unmarried and under the age of twenty one years.

The following are the material parts of the will: " After payment of all my just debts and funeral expenses, I hereby give and bequeath the property of which I may die possessed, as follows:

" First. To my only daughter Emma Stanbury Priest, my house, No. 257 Tremont Street; and it is my express desire

that this real estate shall not be sold during the minority of my child, but that the income derived from it shall be appropriated to her support, and for her benefit, as hereinafter provided.

" Second. I give and bequeath to Harriet Louisa Gibbens the sum of ten thousand dollars, for her sole use and benefit; and I hereby appoint the said Harriet Louisa Gibbens sole guardian of my child during her minority; and the property so as aforesaid bequeathed to my said child, namely, the house in Tremont Street, together with the residue hereinafter specified, given to my said child, shall be received and retained by the said Harriet Louisa Gibbens, in trust for the uses of said child, till she attain the age of twenty one years, or shall be married with the consent of said guardian.

" Third. After payment of the two legacies heretofore specified, I give and bequeath the residue of my property, effects and estate, as follows : " [Here follow certain legacies in money.]

" Fourth. I give and bequeath to my daughter, in addition to the legacies before named, all the rest and residue of my property, of every description, of which I may die possessed. And I further will and direct that the income on such property as I have bequeathed to my child, or such portion of it as shall be deemed necessary, shall be applied to the support and maintenance of my child, until she becomes of age or marries with the consent of her guardian, on the occurrence of either of which events she shall have the full control of her property.

" Fifth. In the event of my child's decease, before she becomes of age, or before marriage, I hereby will and ordain that the property bequeathed to her in the foregoing presents shall be divided as follows, to wit " : certain sums of money to four relations and friends; and " the residue of said property, after deducting all expenses, shall be equally divided among " four charitable societies named in the will.

*C. B. Goodrich*, for the petitioners.

*S. Bartlett*, for the legatees.

*F. O. Watts & O. G. Peabody*, for the daughter's next of kin.

BY THE COURT. It is quite clear, we think, that the real estate which is the subject of the petition is not left undevised. It is

given to the daughter of the testator in fee simple, subject to the trust in Miss Gibbens during the minority of the devisee or till her marriage with the consent of her guardian, and liable to be defeated by her death before her majority or marriage.

In the event of the death of the daughter before she becomes of age or is married, " the property bequeathed to her in the foregoing presents " is to be divided in the mode and among the legatees named in the fifth clause of the will.    The language is broad enough to include the real estate, and the use of the word " bequeath " in other clauses of the will clearly indicates that such was the intention of the testator.

The legacies to the first four persons named in the fifth clause are cash legacies.    They are to be paid by the executors.    For the discharge of this trust a sale of the real estate is necessary. The power to make the sale would seem to result from necessary implication.    But whether this be so or not, this court, under the Rev. Sts. *c.* 71, § 20, may authorize or license such sale                                  *Decree for sale as prayed for.*